# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TOMMY LEE FARR, JR.,

        Petitioner,                      Case Number: 2:15-CV-10695

v.                                            HON. MARIANNE O. BATTANI
                                                   UNITED STATES DISTRICT JUDGE

THOMAS WINN,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

    Petitioner Tommy Lee Farr, Jr., a Michigan state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

    Petitioner challenges his convictions for four counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(f), rendered in Macomb County Circuit Court. In 2009, Petitioner filed a habeas corpus petition in this Court challenging the

---

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

same convictions challenged in this petition. The earlier-filed petition was denied with prejudice. See 3/5/12 Opinion and Order, Farr, Jr., v. Barry Davis, No. 2:09-cv-14831, Doc. 12.

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner's prior habeas petition was denied on the merits. Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive petition in this court. When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **ORDERS** the District Court Clerk to transfer this case to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

Date: March 11, 2015         s/Marianne O. Battani
                              MARIANNE O. BATTANI
                              United States District Judge